IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**HD**

Rcv'd by _____

MICHAEL D. MAYNARD,
　　Plaintiff,

USDC- BALTIMORE
'26 MAY 4 AM9:31

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANSUNION LLC,
EQUIFAX INFORMATION SERVICES LLC,

Defendants.

Civil Action No. 1:26-cv-00996-BAH

---

## PLAINTIFF'S OPPOSITION TO DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION TO DISMISS

Plaintiff Michael D. Maynard, proceeding pro se, respectfully submits this Opposition to Defendant Equifax Information Services LLC's Motion to Dismiss.

---

## I. INTRODUCTION

Equifax seeks dismissal of a straightforward Fair Credit Reporting Act ("FCRA") claim at the pleading stage.

Plaintiff alleges that Equifax reported a $0.00 credit limit on a revolving Discover credit card account that in fact carried an $18,300 credit line. Plaintiff disputed the credit limit discrepancy with Equifax. After receiving notice of dispute pursuant to 15 U.S.C. § 1681i, Equifax verified the account without correction and continued reporting a $0.00 credit limit.

Reporting a $0.00 credit limit on a revolving account with an actual $18,300 credit line is materially misleading because it distorts credit utilization and affects credit scoring. These allegations plausibly state claims under 15 U.S.C. §§ 1681e(b) and 1681i.

The Motion to Dismiss should be denied.

---

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint need only contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.
Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

At this stage:

- The Court must accept Plaintiff's factual allegations as true.
- The Court must draw all reasonable inferences in Plaintiff's favor.
- Pro se pleadings are construed liberally. Erickson v. Pardus, 551 U.S. 89 (2007).

Plaintiff is not required to prove his case—only to plausibly allege a violation.

---

## III. PLAINTIFF PLAUSIBLY ALLEGED A MATERIAL INACCURACY

### A. The Discover Account Carried an $18,300 Credit Line

Plaintiff's Discover account statement confirms a credit line of $18,300.
The account is a revolving credit card account.

### B. Equifax Reported a $0.00 Credit Limit

Plaintiff's Equifax consumer report reflected the Discover account with a credit limit of $0.00.

A revolving account cannot simultaneously carry an $18,300 credit line and a $0.00 credit limit. This is not a minor formatting discrepancy—it is a factual contradiction.

### C. Reporting a $0.00 Credit Limit Is Materially Misleading

Credit utilization ratio—a significant factor in FICO scoring—is calculated using:

**Balance ÷ Credit Limit**

Reporting a $0.00 credit limit on a revolving account:

- Artificially inflates utilization,
- Misrepresents available credit,
- Adversely affects credit scoring,
- Misleads lenders regarding credit risk.

Under the FCRA, information is actionable if it is either factually incorrect or materially misleading in a manner that could adversely affect credit decisions. Plaintiff has plausibly alleged both.

---

## IV. PLAINTIFF PLAUSIBLY ALLEGED AN UNREASONABLE REINVESTIGATION (§ 1681i)

Plaintiff submitted written disputes identifying credit limit discrepancies.

After receiving notice of dispute, Equifax:

1. Verified the account,
2. Failed to correct the credit limit,
3. Continued reporting a $0.00 credit limit.

A reasonable reinvestigation requires more than automated confirmation of previously supplied data. Once alerted to a specific discrepancy in credit limit reporting, Equifax had a statutory duty to conduct a meaningful reinvestigation.

Continuing to report a $0.00 credit limit on a revolving account with an $18,300 credit line plausibly alleges an unreasonable reinvestigation under § 1681i.

---

## V. PLAINTIFF PLAUSIBLY ALLEGED FAILURE TO FOLLOW REASONABLE PROCEDURES (§ 1681e(b))

Section 1681e(b) requires consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy.

Reporting a $0.00 credit limit on a revolving account with a documented $18,300 credit line plausibly demonstrates that Equifax's procedures failed to assure maximum possible accuracy.

Whether Equifax's procedures were reasonable is a factual issue not appropriate for resolution on a motion to dismiss.

---

## VI. DAMAGES ARE PLAUSIBLY ALLEGED

Plaintiff alleges denial of financing, damage to credit reputation, and loss of credit opportunity.

Materially misleading credit reporting that distorts utilization and available credit independently causes reputational and financial harm. At the pleading stage, these allegations are sufficient.

---

## VII. ALTERNATIVE REQUEST FOR LEAVE TO AMEND

If the Court determines that additional specificity is required, Plaintiff respectfully requests leave to amend pursuant to Federal Rule of Civil Procedure 15(a).

## VIII. CONCLUSION

Plaintiff has plausibly alleged that:

- Equifax reported a $0.00 credit limit on a revolving Discover account with an actual $18,300 credit line;
- Plaintiff disputed the discrepancy;
- Equifax verified without correction;
- The reporting was materially misleading and caused harm.

These allegations state plausible claims under 15 U.S.C. §§ 1681e(b) and 1681i.

Defendant Equifax's Motion to Dismiss should be denied.

Respectfully submitted,

Dated: May 4th, 2026

Michael D. Maynard
Plaintiff, Pro Se

Phone- 443-763-6883

E-mail MDMaynardSR@gmail.com