**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| MICHAEL D. MAYNARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:26-cv-00996-BAH |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC. et. al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant Equifax Information Services, LLC ("Equifax"), by and through its attorneys,

hereby files its Reply in Support of its Motion to Dismiss.

**INTRODUCTION**

*Pro se* Plaintiff Michael D. Maynard's ("Plaintiff") Opposition to Defendant Equifax

Information Services LLC's Motion to Dismiss ("Opposition") fails to substantively address the

arguments presented in Defendant Equifax Information Services, LLC's Motion to Dismiss and

Supporting Memorandum ("Motion"), and fails to set forth any controlling and relevant case law

or legal authority in support of his position that Equifax's Motion should be denied. *See generally*

Pl.'s Opp., ECF No. 19.

Equifax filed its Motion on April 21, 2026. *See* ECF No. 15. Plaintiff filed his Opposition

on May 4, 2026, but cites no legal authority to rebut the arguments raised in the Motion. Plaintiff

also fails to address the grounds for dismissal concerning his allegations related to the JPMCB,

State Employees Federal Credit Union, "CB/Jared CC," and "THD/CBNA" accounts that underpin

his claims. *See generally* Compl., ECF No. 1; Pl.'s Opp. Instead, Plaintiff introduces a new alleged inaccuracy related to a Discover account that was not pled in the Complaint. *Id.* Moreover, Plaintiff offers only vague and conclusory assertions regarding the Discovery account, asserting that "continuing to report a \$0.00 credit limit on a revolving account with an \$18,300 credit line plausibly alleges an unreasonable investigation under 1681i" and "plausibly demonstrates that Equifax's procedures failed to assure maximum possible accuracy," without meaningfully addressing the specific arguments for dismissal raised under Rule 12(b)(6). Pl.'s Opp. 3.

## ARGUMENT

### A.      Plaintiff's Complaint Remains an Impermissible Shotgun Pleading.

Plaintiff's Complaint remains an impermissible shotgun pleading because it is so vague and conclusory that Equifax cannot reasonably respond to the allegations. The Opposition does nothing to cure these deficiencies. As in the Complaint, Plaintiff fails to allege when he obtained his credit report from Equifax, how he purportedly disputed the newly raised Discover account, or when any such dispute occurred. *Id.*

Moreover, neither the Complaint nor the Opposition identifies what specific information from the credit files *plead in the Complaint* is allegedly inaccurate—an essential element of any FCRA claim. Plaintiff likewise fails to explain how any of these vaguely alleged deficiencies caused him harm. Without such basic factual allegations, Equifax is unable to mount a meaningful defense. Accordingly, the Complaint must be dismissed, as it remains a quintessential shotgun pleading that falls far short of the pleading standards required under Rule 8.

### B.      Plaintiff's Complaint Fails to State a Claim under Section 1681e(b).

Plaintiff has failed to allege an inaccuracy sufficient to state a claim under § 1681e(b). *See Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009) (holding that a plaintiff

must establish that her "credit file contains inaccurate or incomplete information" to sustain a claim under §§ 1681e(b) or 1681i). Plaintiff does not identify what information is inaccurate, how it should be corrected, or how any alleged inaccuracy resulted from Equifax's failure to maintain reasonable procedures to assure maximum possible accuracy.

Section 1681e(b) additionally requires a showing that a "consumer report" was furnished to a third party. Plaintiff alleges no facts establishing any nexus between the purported inaccuracy and the dissemination or use of that information in a manner that caused him harm. Nor does Plaintiff identify any specific deficiency in Equifax's procedures for preparing consumer reports. Instead, he relies on bare, conclusory assertions devoid of factual support.

Plaintiff's Opposition does nothing to remedy these deficiencies. Rather, it offers only the conclusory assertion that Equifax's purported "[r]eporting [of] a $0.00 credit limit on a revolving account with a documented $18,300 credit line," demonstrates that Equifax's procedures were unreasonable. Pl.'s Opp. 3. Even setting aside that these allegations were not pled in the Complaint, Plaintiff fails to explain how the $18,300 credit line is "documented," nor does he cite any authority supporting this theory. Such vague and unsupported assertions fall well short of the pleading standards required under Rule 12(b)(6), and Plaintiff's § 1681e(b) claim must be dismissed.

### C.    Plaintiff's Complaint Fails to State a Claim under Section 1681i.

To state a claim for relief under § 1681i, the plaintiff must plead "(1) that she disputed the accuracy of an item in her credit file; (2) the [CRA] failed to conduct a reasonable reinvestigation; and (3) that a reasonable reinvestigation by the [CRA] could have uncovered the inaccuracy." *Simmons v. Trans Union LLC*, 712 F.Supp.3d 629, 635 (D. Md. 2024) (internal quotations and citations omitted).

Plaintiff's claim that Equifax violated its reinvestigation duties is wholly conclusory. The Complaint alleges no facts showing whether, or why, Plaintiff believes that (1) Equifax's reinvestigations were unreasonable, (2) Equifax improperly deleted or modified information, or failed to do so, (3) Equifax failed to provide relevant information to furnishers, (4) Equifax failed to consider all relevant information, or (5) Equifax otherwise violated § 1681i(a). Each of these matters lies squarely within Plaintiff's ability to plead, yet Plaintiff addresses none of them.

Plaintiff's Opposition merely repeats the vague and conclusory deficiencies of the Complaint, asserting only that Equifax "verified the account, failed to correct the credit limit and continued reporting a $0.00 credit limit." Pl.'s Opp. 3. Equifax does not contend that exhaustive detail is required, but the Complaint must allege sufficient facts to identify what Equifax did or failed to do during its reinvestigation and how a different course of action would have produced a different outcome. Plaintiff does neither. He therefore fails to plausibly allege any deficiency in Equifax's reinvestigation duties under § 1681i, and his claim cannot stand.

## CONCLUSION

For the foregoing reasons, Defendant Equifax respectfully requests that the Court grant its Motion to Dismiss and award any other relief that the Court deems just and appropriate.

Dated: May 19, 2026                                Respectfully submitted,

*/s/ Jack R. McCaffrey*
Jack R. McCaffrey, Esq. (MD Bar No. 30737)
Clark Hill PLC
1001 Pennsylvania Avenue, N.W.
Suite 1300 South
Washington, DC 20004
Telephone:   (202) 640-6675
Facsimile:    (202) 772-0919
Email:        jmccaffrey@clarkhill.com
*Counsel for Defendant*
*Equifax Information Services, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 19, 2026, I caused a true and correct copy of the foregoing *Defendant Equifax Information Services, LLC's Reply in Support of Motion to Dismiss* to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

I HEREBY FURTHER CERTIFY that a copy of this filing has also been sent via U.S. First Class Mail, postage prepaid, to the following party:

> Michael D. Maynard
> 1406 Beetree Court
> Bel Air, Maryland 21014
> *Plaintiff pro se*

*/s/ Jack R. McCaffrey*
Jack R. McCaffrey, Esq.

5

95782\337215\287906995